# EXHIBIT A

December 1, 2013 Administrative Office of the United States Courts PACER Fee Schedule

# Electronic Public Access Fee Schedule

*(Issued in accordance with 28 U.S.C. § 1913, 1914, 1926, 1930, 1932)*

**Effective December 1, 2013**

The fees included in the Electronic Public Access Fee Schedule are to be charged for providing electronic public access to court records.

### Fees for Public Access to Court Electronic Records (PACER)

(1) Except as provided below, for electronic access to any case document, docket sheet, or case-specific report via PACER: $0.10 per page, not to exceed the fee for thirty pages.

(2) For electronic access to transcripts and non-case specific reports via PACER (such as reports obtained from the PACER Case Locator or docket activity reports): $0.10 per page.

(3) For electronic access to an audio file of a court hearing via PACER: $2.40 per audio file.

### Fees for Courthouse Electronic Access

(4) For printing copies of any record or document accessed electronically at a public terminal in a courthouse: $0.10 per page.

### PACER Service Center Fees

(5) For every search of court records conducted by the PACER Service Center: $30 per name or item searched.

(6) For the PACER Service Center to reproduce on paper any record pertaining to a PACER account, if this information is remotely available through electronic access: $0.50 per page.

(7) For any payment returned or denied for insufficient funds: $53.

### Free Access and Exemptions

(8) Automatic Fee Exemptions

- No fee is owed for electronic access to court data or audio files via PACER until an account holder accrues charges of more than $15.00 in a quarterly billing cycle.

- Parties in a case (including *pro se* litigants) and attorneys of record receive one free electronic copy, via the notice of electronic filing or notice of docket activity, of all documents filed electronically, if receipt is required by law or directed by the filer.

- No fee is charged for access to judicial opinions.

- No fee is charged for viewing case information or documents at courthouse public access terminals.

(9) Discretionary Fee Exemptions:

- Courts may exempt certain persons or classes of persons from payment of the user access fee. Examples of individuals and groups that a court may consider exempting include: indigents, bankruptcy case trustees, *pro bono* attorneys, *pro bono* alternative dispute resolution neutrals, Section 501(c)(3) not-for-profit organizations, and individual researchers associated with educational institutions. Courts should not, however, exempt individuals or groups that have the ability to pay the statutorily established access fee. Examples of individuals and groups that a court should not exempt include: local, state or federal government agencies, members of the media, privately paid attorneys or others who have the ability to pay the fee.

- In considering granting an exemption, courts must find:

  o that those seeking an exemption have demonstrated that an exemption is necessary in order to avoid unreasonable burdens and to promote public access to information;

  o that individual researchers requesting an exemption have shown that the defined research project is intended for scholarly research, that it is limited in scope, and that it is not intended for redistribution on the internet or for commercial purposes.

- If the court grants an exemption:

  o the user receiving the exemption must agree not to sell the data obtained as a result, and must not transfer any data obtained as the result of a fee exemption, unless expressly authorized by the court; and

  o the exemption should be granted for a definite period of time, should be limited in scope, and may be revoked at the discretion of the court granting the exemption.

- Courts may provide local court information at no cost (e.g., local rules, court forms, news items, court calendars, and other information) to benefit the public.

## Applicability to the United States and State and Local Governments

(10) Unless otherwise authorized by the Judicial Conference, these fees must be charged to the United States, except to federal agencies or programs that are funded from judiciary appropriations (including, but not limited to, agencies, organizations, and individuals providing services authorized by the Criminal Justice Act [18 U.S.C. § 3006A], and bankruptcy administrators).

(11) The fee for printing copies of any record or document accessed electronically at a public terminal ($0.10 per page) described in (4) above does not apply to services rendered on behalf of the United States if the record requested is not remotely available through electronic access.

(12) The fee for local, state, and federal government entities, shall be $0.08 per page until April 1, 2015, after which time, the fee shall be $0.10 per page.

## Judicial Conference Policy Notes

The Electronic Public Access (EPA) fee and its exemptions are directly related to the requirement that the judiciary charge user-based fees for the development and maintenance of electronic public access services. The fee schedule provides examples of users that may not be able to afford reasonable user fees (such as indigents, bankruptcy case trustees, individual researchers associated with educational institutions, 501(c)(3) not-for-profit organizations, and court-appointed pro bono attorneys), but requires those seeking an exemption to demonstrate that an exemption is limited in scope and is necessary in order to avoid an unreasonable burden. In addition, the fee schedule includes examples of other entities that courts should not exempt from the fee (such as local, state or federal government agencies, members of the media, and attorneys). The goal is to provide courts with guidance in evaluating a requestor's ability to pay the fee.

Judicial Conference policy also limits exemptions in other ways. First, it requires exempted users to agree not to sell the data they receive through an exemption (unless expressly authorized by the court). This prohibition is not intended to bar a quote or reference to information received as a result of a fee exemption in a scholarly or other similar work. Second, it permits courts to grant exemptions for a definite period of time, to limit the scope of the exemptions, and to revoke exemptions. Third, it cautions that exemptions should be granted as the exception, not the rule, and prohibits courts from exempting all users from EPA fees.