UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA



THINK COMPUTER FOUNDATION, ET AL,

Plaintiff (s),

v.

ADMINISTRATIVE OFFICE OF THE
UNITED STATES COURTS, ET AL,
Defendant(s).

No. C 14-02396 BLF

**ORDER SETTING INITIAL CASE
MANAGEMENT CONFERENCE
AND ADR DEADLINES**

IT IS HEREBY ORDERED that this action is assigned to the Honorable Beth Labson Freeman. When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all other parties a copy of this order   and all other documents specified in Civil Local Rule 4-2.  Counsel must comply with the case schedule listed below unless the Court otherwise orders.

IT IS FURTHER ORDERED that this action is assigned to the Alternative Dispute Resolution (ADR) Multi-Option Program governed by ADR Local Rule 3.  Counsel and clients shall familiarize themselves with that rule and with the material entitled "Dispute Resolution Procedures in the Northern District of California" on the Court ADR Internet site at cand.uscourts.gov/adr.  A limited number of printed copies are available from the Clerk's Office for parties in cases not subject to the court's Electronic Case Filing program (ECF).

IT IS FURTHER ORDERED that plaintiff or removing defendant serve upon all parties the brochure entitled "Consenting To A Magistrate Judge's Jurisdiction In The Northern District Of California," additional copies of which can be downloaded from the following Internet site: http://www.cand.uscourts.gov.

## CASE SCHEDULE -ADR MULTI-OPTION PROGRAM

| Date | Event | Governing Rule |
|------|-------|----------------|
| 5/23/2014 | Complaint filed | |
| 10/2/2014 | *Last day to:<br>• meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan | FRCivP_26(f) & ADR L.R.3-5 |
| | • file ADR Certification signed by Parties and Counsel (form available at cand.uscourts.gov) | Civil L.R. 16-8 (b) & ADR L.R. 3-5(b) |
| | • file either Stipulation to ADR Process or Notice of Need for ADR Phone Conference (form available at cand.uscourts.gov) | Civil L.R. 16-8 (c) & ADR L.R. 3-5(b) & (c) |

| 10/16/2014 | Last day to file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report and file Case Management Statement per attached Standing Order re Contents of Joint Case Management Statement (also available at cand.uscourts.gov) | FRCivP 26(a) (1) Civil L.R . 16-9 |
| 10/23/2014 | INITIAL CASE MANAGEMENT CONFERENCE (CMC)  in Courtroom 3, 5th Floor at 1:30 PM | Civil L.R. 16-10 |

*If the Initial Case Management Conference is continued, the other deadlines are continued accordingly.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

**STANDING ORDER RE CIVIL CASES**

**DISTRICT JUDGE BETH LABSON FREEMAN**

**A.** **CONFORMITY TO RULES**

Parties and counsel shall comply with the Federal Rules of Civil Procedure, the Civil Local Rules, the General Orders of the Northern District of California, and this Court's standing orders, all of which are available at http://www.cand.uscourts.gov. Failure to comply with any of these rules or orders may be grounds for monetary sanctions, dismissal, entry of default judgment, or other appropriate sanctions.

**B.** **COMMUNICATION WITH THE COURT**

Parties and counsel shall not communicate *ex parte* with Judge Freeman or her chambers staff by telephone, facsimile, or any other means. Parties and counsel may contact Judge Freeman's Courtroom Deputy Clerk, Tiffany Salinas-Harwell, at 408-535-5381 or Tiffany_Salinas-Harwell@cand.uscourts.gov with inquiries regarding scheduling or other appropriate matters.

United States District Court
For the Northern District of California

**C.**    **SCHEDULING**

     **1.**    **Civil Motions.**

Civil motions are heard *by reservation only* on Thursdays at 9:00 a.m. Hearing dates may be reserved by contacting Judge Freeman's Courtroom Deputy Clerk, Tiffany Salinas-Harwell, at 408-535-5381 or Tiffany_Salinas-Harwell@cand.uscourts.gov. Once a hearing date is reserved, the motion shall be filed in accordance with the Federal Rules of Civil Procedure and the Civil Local Rules.

     **2.**    **Civil Case Management Conferences.**

Civil Case Management Conferences are heard on Thursdays at 1:30 p.m.

A *joint* Case Management Statement shall be filed at least 7 days before each Case Management Conference. The joint Case Management Statement shall comply with the "Standing Order for All Judges of the Northern District of California – Contents of Joint Case Management Statement" and Civil Local Rule 16-9.

     **3.**    **Final Pretrial Conferences.**

Final Pretrial Conferences are heard on Thursdays at 2:30 p.m.

A *joint* Pretrial Statement and Order shall be filed at least 14 days before each final Pretrial Conference in compliance with Judge Freeman's Standing Order Re Final Pretrial Conference – Bench Trial or Standing Order Re Final Pretrial Conference – Jury Trial, whichever is applicable.

     **4.**    **Trials.**

Trial is conducted on Mondays, Wednesdays, and Fridays from 9:00 a.m. to 4:30 p.m. and on Tuesdays from 11:00 a.m. to 4:30 p.m.

     **5.**    **Telephonic Appearances.**

Telephonic appearances are permitted on a case by case basis. A party seeking to appear telephonically shall file an administrative motion pursuant to Civil Local Rule 7-11. If the administrative motion is granted, the party shall contact Court Call Phone Conferencing at (866) 582-6878 *in advance of the hearing* to schedule the telephonic appearance. If the scheduled Court date is vacated after arrangements for

2

Standing Order Re Civil Cases
Rev. April 10, 2014

1  a telephonic appearance have been made, the party who made the arrangements is

2  responsible for informing Court Call that the matter has been taken off calendar.

**D.  MOTIONS TO SEAL**

Motions to seal documents shall be filed in accordance with Civil Local Rule 79-5.  In e-filing cases, all materials supporting a motion to seal, including both the redacted *and* the unredacted versions of the document as to which sealing is requested, must be filed electronically as exhibits to the motion to seal. *See* Civ. L.R. 79-5(d)(1).  Instructions for sealing the exhibit comprising the unredacted version of the document may be found on the ECF website.  In both e-filing cases and non-e-filing cases, a chambers copy of the motion and *all* exhibits must be submitted to chambers.  The unredacted version of the document must indicate by highlighting which portions of the document have been omitted from the redacted version; this requirement applies whether the unredacted version of the document is e-filed, filed manually, or submitted as a chambers copy.

**E.  SUBSTANTIVE MOTIONS**

With the exception of cross-motions for summary judgment, addressed below in Section F.2., substantive motions are subject to the following page limits:  the moving brief shall not exceed 25 pages, the opposition brief shall not exceed 25 pages, and the reply brief shall not exceed 15 pages. *See* Civ. L.R. 7.  These page limits are maximums, not minimums – counsel and parties are encouraged to be concise.  Title pages, tables of contents, indexes of cases, and exhibits are not included in these page limits.  All written text, including footnotes and quotations, shall be no less than 12-point type. *See* Civ. L.R. 3-4.

**F.  MOTIONS FOR SUMMARY JUDGMENT**

**1.  Separate Statement.**

Any party moving for summary judgment or opposing a motion for summary judgment must submit a separate statement as set forth herein.

**a.  Moving Separate Statement**

Parties moving for summary judgment must include a separate, short and concise statement of the material facts as to which the moving party contends

3

there is no genuine issue to be tried ("Moving Separate Statement").  The

Moving Separate Statement must:  (1) identify the issue or claim number(s) to

which the fact relates; and (2) list each asserted material fact and the relevant

record evidence (e.g., deposition, declaration, discovery response).  Upon

filing, the moving party shall provide the Moving Separate Statement to all

other parties in an electronic, word-processing format for ease of response

thereto.  The Moving Separate Statement must follow this format:

| Issue No. | Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response and Supporting Evidence |
|---|---|---|
| Issue 1<br><br>Doe cannot establish breach of contract | Fact 1.  Doe Co. and Acme Co. entered into a written contract for sale of widgets.<br><br>Roe Decl. ¶¶ 4-5 and Ex. A (contract). | |
| Issue 1 | Fact 2.  Widgets were received by Doe's headquarters on Dec. 1, 2010.<br><br>Roe Decl. ¶ 6 and Ex. B (signed invoice). | |

b.  **Responsive Separate Statement**

The papers opposing a motion for summary judgment shall include one

Responsive Separate Statement which:  (1) incorporates the facts in the

Moving Separate Statement; (2) indicates whether each of the facts listed in

the Moving Separate Statement is disputed or undisputed; and (3) identifies

any additional material facts that the party contends will establish a genuine

issue to be tried.  If the opposing party contends that a fact is in dispute, the

opposing party must cite to evidence in the record establishing the dispute.

Standing Order Re Civil Cases
Rev. April 10, 2014

United States District Court
For the Northern District of California

Responsive Separate Statements must follow this format:

| Issue No. | Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response and Supporting Evidence |
|---|---|---|
| Issue 1<br><br>Doe cannot establish breach of contract | Fact 1. Doe Co. and Acme Co. entered into a written contract for sale of widgets.<br><br>Roe Decl. ¶¶ 4-5 and Ex. A (contract). | Undisputed. |
| Issue 1 | Fact 2. Widgets were received by Doe's headquarters on Dec. 1, 2010.<br><br>Roe Decl. ¶ 6 and Ex. B (signed invoice). | Disputed. No widgets were received.<br><br>Jackson Decl. Ex. B (Dep. of Bob Smith) 22:4-23:19. |
| | | Additional Fact 3: an empty crate was delivered to Doe Co.'s headquarters on Dec. 1, 2010.<br><br>Jackson Decl., Ex. B (Dep. of Bob Smith) 32:6-33:12. |

c.  **Deemed Admitted Unless Controverted**

   Each numbered paragraph in the Moving Separate Statement will be deemed to be admitted for purposes of the motion unless specifically controverted by the opposing party. The moving party must meet its burden of proof under Federal Rule of Civil Procedure 56.

d.  **Page Limits for Separate Statements**

   Unless a party has obtained prior leave of the Court, the Moving Separate Statement is limited to no more than 15 pages, and the Responsive Separate Statement is limited to no more than 5 additional pages beyond the number of pages in the Moving Separate Statement.

5

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

e.      **Attestation**

Each separate statement must be signed by counsel (or a party, if proceeding *pro se*) who has reviewed the document and attests as follows:

*I attest that the evidence cited herein fairly and accurately supports (or disputes) the facts as asserted.*

2.      **Cross-Motions**

Any cross-motion for summary judgment shall be incorporated into the opposition to the motion for summary judgment; the combined opposition/cross-motion shall not exceed 25 pages in length. Any opposition to a cross-motion for summary judgment shall be incorporated into the reply to the opposition to the motion for summary judgment; the combined reply/opposition to cross-motion shall be limited to 15 pages in length. A reply to the opposition to the cross-motion may be filed and served not more than 7 days after the filing of the opposition to the cross-motion and shall be limited to 15 pages in length.

G.      **CHAMBERS COPIES**

Civil Local Rule 5-1 requires parties to provide chambers with a paper copy of each document that is filed electronically. Chambers copies shall be generated from ECF after electronic filing so that they bear the ECF filing information along the top of the page: case number, document number, and filing date. *Chambers copies must include numbered tabs between exhibits.* Each chambers copy shall be marked "Chambers Copy" and shall be submitted to the Clerk's Office in an envelope marked with the case number and with the words "Chambers Copy" and "Judge Beth Labson Freeman." In addition, all proposed orders in e-filing cases shall be submitted by email to BLFpo@cand.uscourts.gov on the same day the proposed order is e-filed.

H.      **UNREPRESENTED (PRO SE) PARTIES**

Parties representing themselves are encouraged to visit the link titled "PRO SE LITIGANTS" located at the top of the Court's homepage, http://www.cand.uscourts.gov. The link provides information about the Federal Legal Assistance Self-Help Center

6

(FLASH) at the San Jose Courthouse, which is located on the 2nd Floor in Room 2070. The link also provides other information that may be useful to unrepresented parties.

IT IS SO ORDERED.

Dated: April 10, 2014

BETH LABSON FREEMAN
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

**STANDING ORDER RE FINAL PRETRIAL CONFERENCE – BENCH TRIAL**

**DISTRICT JUDGE BETH LABSON FREEMAN**

**A.** <u>**MEET AND CONFER**</u>

At least 21 days before the final Pretrial Conference, lead counsel who will try the case shall meet and confer with respect to:

    1.      Settlement of the Case;

    2.      Preparation of the Joint Pretrial Statement and Order;

    3.      Preparation and exchange of pretrial materials to be filed pursuant to Federal Rule of Civil Procedure 26(a)(3); and

    4.      Clarification and narrowing of the contested issues for trial.

**B.** <u>**JOINT PRETRIAL STATEMENT AND ORDER**</u>

At least 14 days before the final Pretrial Conference, unless otherwise ordered, the parties shall file a Joint Pretrial Statement and Order containing the following information:

    1.      <u>**The Action.**</u>

          a.      <u>The Parties.</u>  A list of the parties who have been served and have appeared. All parties not identified in the Joint Pretrial Statement and Order will be

1    deemed to have been dismissed.

2       b.  Substance of the Action.  A concise statement identifying the claims and

3           defenses that remain to be decided; the elements of each claim and defense;

4           and the pleading in which each claim and defense is pled.  In accordance with

5           Federal Rule of Civil Procedure 16(c), parties will be precluded from

6           presenting claims or defenses not set forth in the Joint Pretrial Statement and

7           Order.

8       c.  Relief Sought.  A statement of all relief sought, itemizing all elements of

9           damages claimed.

10      d.  Federal Jurisdiction and Venue.  A statement of the bases for federal

11          jurisdiction and venue.

12   2.  **Factual Basis of the Action.**

13      a.  Undisputed Facts.  A concise statement of all facts that may be incorporated

14          into the trial record by stipulation of the parties.

15      b.  Disputed Facts.  A concise statement of all facts that are disputed and will be

16          litigated at trial.

17   3.  **Disputed Legal Issues.**  A concise statement of each disputed point of law, citing

18      relevant statutes and decisions.

19   4.  **Estimate of Trial Time.**  An estimate of the total number of hours or days needed

20      for trial.

21   5.  **Trial Alternatives and Options.**

22      a.  Settlement Discussion.  A statement summarizing the status of settlement

23          negotiations and indicating whether further negotiations are likely to be

24          productive.

25      b.  Amendments or Dismissals.  A statement of proposed amendments to the

26          pleadings or dismissals of parties, claims, or defenses.

27      c.  Bifurcation or Separate Trial of Issues.  A statement whether bifurcation or a

28          separate trial of specific issues is feasible and desired.

United States District Court
For the Northern District of California

2

Standing Order Re Final Pretrial Conference - Bench Trial
Rev. April 10, 2014

United States District Court
For the Northern District of California

6.   **Binding Effect of the Joint Pretrial Statement and Order.** The Joint Pretrial Statement and Order shall recite, directly above the signature lines of each party, the following:

*The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues of fact and law remaining to be litigated, this order shall supplement the pleadings and govern the course of trial of this action, unless modified to prevent manifest injustice.*

Date and signature lines for the Court shall appear immediately following the signature lines of the parties.

C.   **PREPARATION FOR TRIAL**

1.   **Witnesses.**

a.   Appendix. *The following information shall be provided as an appendix to the Joint Pretrial Statement and Order.* For each party, a list of all witnesses likely to be called at trial, including those appearing by deposition. For each witness, there should be a short statement of the substance of his or her testimony and an estimate regarding the length of testimony (including direct and cross-examination). If the witness is an expert witness, please state the expert's theories and conclusions and the bases therefor. Attach the expert's curriculum *vitae* and report (if any).

b.   Consequence of Nondisclosure. No party shall be permitted to call a witness in its case in chief who is not disclosed in the Joint Pretrial Statement and Order without leave of the Court for good cause shown.

2.   **Exhibits.**

a.   Appendix. *The following information shall be provided as an appendix to the Joint Pretrial Statement and Order.* A joint exhibit list in tabular form, with (a) a column identifying the exhibit number consistent with the pre-marking requirement of paragraph C.2.b., below; (b) a column briefly describing the exhibit; (c) a column describing the purpose for which the exhibit is offered

3

and identifying its sponsoring witness; (d) a column stating any objections to the exhibit; (e) a column responding to the objections; and (f) a blank column for the Court's use. Before this list is filed with the Court, counsel shall meet and confer, in person, to consider exhibit numbers, eliminate duplicate exhibits and confusion over exhibits, and make a good faith effort to stipulate to admissibility. If stipulation is not possible, the parties shall make every effort to stipulate to authenticity and foundation absent a legitimate (not tactical) objection.

b. <u>Pre-Marked</u>. The parties shall submit 1 original set of exhibits, pre-marked for identification with numbers (not letters) by means of exhibit tags affixed to the *back* of the last page of each exhibit. Sample tags are attached as Exhibit A hereto. Plaintiff's exhibit tags shall be yellow, and Defendant's exhibit tags shall be green. In addition, the parties shall submit 2 complete copies of the original set of exhibits for use by the Judge and chambers staff. The 2 copy sets of exhibits need not be tagged, but the exhibits contained therein must be labeled clearly. All 3 sets of exhibits – the original and both copies – shall be in three-ring binders with the exhibits separated by tabs denoting the exhibit numbers.

c. <u>Delivery to Court</u>. Unless otherwise ordered, on the Thursday prior to commencement of trial, the parties shall deliver the 3 sets of exhibits to Tiffany Salinas-Harwell, Courtroom Deputy to Judge Freeman.

d. <u>Consequence of Nondisclosure</u>. No party shall be permitted to offer any exhibit at trial that is not disclosed in the Joint Pretrial Statement and Order without leave of the Court for good cause shown, unless it is offered solely for impeachment or rebuttal.

3. **Discovery Responses.**

a. <u>Appendix</u>. *The following information shall be provided as an appendix to the Joint Pretrial Statement and Order.* Excerpts of interrogatory responses,

4

United States District Court
For the Northern District of California

1   responses to requests for admission, and deposition testimony (with specific

2   line references identified) that each party intends to present at trial.

3      b.    <u>Objections</u>. If there are objections to the use of written responses, the parties

4   should include a joint memorandum that states the objecting party's objection

5   and the opposing party's response. If there is an objection to the general

6   subject matter of a deponent's testimony, the objection should be made

7   through a motion *in limine*. If specific objections were made during the

8   deposition that are still in need of a Court ruling, the parties should include a

9   joint memorandum that identifies the deposition testimony at issue and that

10   briefly states the objecting party's objection (including any counter-

11   designation) and the opposing party's response (including any counter-

12   designation). The Court expects the parties to meet and confer in good faith

13   in an attempt to resolve specific objections regarding deposition testimony

14   before any memoranda regarding objections are filed.

15   4.    **Motions *in Limine*.** Unless otherwise ordered, the parties shall file and serve any

16   motions *in limine* at least 14 days before the final Pretrial Conference, and any

17   opposition thereto at least 7 days before the final Pretrial Conference. Reply briefs

18   are not permitted. Unless otherwise ordered by the Court, motions in limine will be

19   deemed submitted without oral argument. Each motion shall be presented in a

20   separate document and shall be numbered as, for example, "Plaintiff's Motion *in*

21   *Limine* No. 1 to Exclude. . . ." Usually 5 or fewer motions per side are sufficient

22   (without prejudice to raising matters as the trial progresses). Briefing on each motion

23   shall not exceed 5 pages per side.

24   5.    **<u>Proposed Findings of Fact and Conclusions of Law</u>.** At least 7 days prior to the

25   final Pretrial Conference, each party shall file and serve proposed findings of fact and

26   conclusions of law. The findings of fact shall set forth in simple declarative

27   sentences, separately numbered, all factual contentions relied upon by a party in

28   support of its claims or defenses and shall be free of pejorative language and

5

argument.  Conclusions of law shall be supported by appropriate citation to legal authority.  The proposed findings of fact and conclusions of law shall be submitted in hard copy as well as in word processing format via e-mail to BLFpo@cand.uscourts.gov.

6.   **Trial Briefs.**  Each party shall submit a trial brief, not to exceed 15 pages, at least 7 days prior to the commencement of trial.  A trial brief is most helpful to the Court when it summarizes the party's theory of the case, identifies key evidence, and provides summary briefing on any controlling issues of law.

7.   **Stipulations.**  A statement of proposed stipulations that will expedite the presentation of evidence.  Any stipulations submitted before or during trial shall be in writing and signed by all parties.

8.   **Time Limits.**  Ordinarily, the Court will set fixed trial time limits at the final Pretrial Conference.  Each party may allocate its time as it wishes, but *all* of a party's examination time (whether direct, cross, re-direct, or re-cross) for all witnesses must fit within its time limit.  Opening and closing time limits are in addition to examination time.

D.   **SCHEDULING**

Trials are scheduled to commence Monday mornings at 9:00 a.m.  Trial will proceed each day except Thursday.

Final Pretrial Conferences will be scheduled approximately 2 weeks before trial.

IT IS SO ORDERED.

Dated: April 10, 2014

BETH LABSON FREEMAN
UNITED STATES DISTRICT JUDGE

6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

# Exhibit A

Standing Order Re Final Pretrial Conference - Bench Trial
Rev. April 10, 2014

| Plaintiff's Exhibit Markers | Defendant's Exhibit Markers |
|---|---|

**π PLAINTIFF π**

United States District Court
Northern District of California

Case No. _____

Case Title _____

Exhibit No. _____

Date Entered _____

Richard W. Wieking, Clerk
By: _____, Deputy Clerk

**Δ DEFENDANT Δ**

United States District Court
Northern District of California

Case No. _____

Case Title _____

Exhibit No. _____

Date Entered _____

Richard W. Wieking, Clerk
By: _____, Deputy Clerk

**π PLAINTIFF π**

United States District Court
Northern District of California

Case No. _____

Case Title _____

Exhibit No. _____

Date Entered _____

Richard W. Wieking, Clerk
By: _____, Deputy Clerk

**Δ DEFENDANT Δ**

United States District Court
Northern District of California

Case No. _____

Case Title _____

Exhibit No. _____

Date Entered _____

Richard W. Wieking, Clerk
By: _____, Deputy Clerk

**π PLAINTIFF π**

United States District Court
Northern District of California

Case No. _____

Case Title _____

Exhibit No. _____

Date Entered _____

Richard W. Wieking, Clerk
By: _____, Deputy Clerk

**Δ DEFENDANT Δ**

United States District Court
Northern District of California

Case No. _____

Case Title _____

Exhibit No. _____

Date Entered _____

Richard W. Wieking, Clerk
By: _____, Deputy Clerk

**π PLAINTIFF π**

United States District Court
Northern District of California

Case No. _____

Case Title _____

Exhibit No. _____

Date Entered _____

Richard W. Wieking, Clerk
By: _____, Deputy Clerk

**Δ DEFENDANT Δ**

United States District Court
Northern District of California

Case No. _____

Case Title _____

Exhibit No. _____

Date Entered _____

Richard W. Wieking, Clerk
By: _____, Deputy Clerk

Exhibit markers should be placed on the back of the last page of each exhibit.  Exhibits should be in binders, separated by tabs denoting the exhibit numbers.

United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

**STANDING ORDER RE FINAL PRETRIAL CONFERENCE – JURY TRIAL**

**DISTRICT JUDGE BETH LABSON FREEMAN**

A.    **MEET AND CONFER**

At least 21 days before the final Pretrial Conference, lead counsel who will try the case shall meet and confer with respect to:

1.    Settlement of the Case;

2.    Preparation of the Joint Pretrial Statement and Order;

3.    Preparation and exchange of pretrial materials to be filed pursuant to Federal Rule of Civil Procedure 26(a)(3); and

4.    Clarification and narrowing of the contested issues for trial.

B.    **JOINT PRETRIAL STATEMENT AND ORDER**

At least 14 days before the final Pretrial Conference, unless otherwise ordered, the parties shall file a Joint Pretrial Statement and Order containing the following information:

1.    **The Action.**

a.    The Parties.  A list of the parties who have been served and have appeared. All parties not identified in the Joint Pretrial Statement and Order will be

1    deemed to have been dismissed.

2    b.   <u>Substance of the Action</u>. A concise statement identifying the claims and

3    defenses that remain to be decided; the elements of each claim and defense;

4    and the pleading in which each claim and defense is pled. In accordance with

5    Federal Rule of Civil Procedure 16(c), parties will be precluded from

6    presenting claims or defenses not set forth in the Joint Pretrial Statement and

7    Order.

8    c.   <u>Relief Sought</u>. A statement of all relief sought, itemizing all elements of

9    damages claimed.

10    d.   <u>Federal Jurisdiction and Venue</u>. A statement of the bases for federal

11    jurisdiction and venue.

12  2.   **Factual Basis of the Action.**

13    a.   <u>Undisputed Facts</u>. A concise statement of all facts that may be incorporated

14    into the trial record by stipulation of the parties.

15    b.   <u>Disputed Facts</u>. A concise statement of all facts that are disputed and will be

16    litigated at trial.

17  3.   **Disputed Legal Issues.** A concise statement of each disputed point of law, citing

18    relevant statutes and decisions.

19  4.   **Estimate of Trial Time.** An estimate of the total number of hours or days needed

20    for trial.

21  5.   **Trial Alternatives and Options.**

22    a.   <u>Settlement Discussion</u>. A statement summarizing the status of settlement

23    negotiations and indicating whether further negotiations are likely to be

24    productive.

25    b.   <u>Amendments or Dismissals</u>. A statement of proposed amendments to the

26    pleadings or dismissals of parties, claims, or defenses.

27    c.   <u>Bifurcation or Separate Trial of Issues</u>. A statement whether bifurcation or a

28    separate trial of specific issues is feasible and desired.

2

United States District Court
For the Northern District of California

6.   **Binding Effect of the Joint Pretrial Statement and Order.**   The Joint Pretrial Statement and Order shall recite, directly above the signature lines of each party, the following:

> *The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues of fact and law remaining to be litigated, this order shall supplement the pleadings and govern the course of trial of this action, unless modified to prevent manifest injustice.*

Date and signature lines for the Court shall appear immediately following the signature lines of the parties.

C.   **PREPARATION FOR TRIAL**

1.   **Witnesses.**

   a.   Appendix. *The following information shall be provided as an appendix to the Joint Pretrial Statement and Order.* For each party, a list of all witnesses likely to be called at trial, including those appearing by deposition. For each witness, there should be a short statement of the substance of his or her testimony and an estimate regarding the length of testimony (including direct and cross-examination). If the witness is an expert witness, please state the expert's theories and conclusions and the bases therefor. Attach the expert's curriculum *vitae* and report (if any).

   b.   Consequence of Nondisclosure. No party shall be permitted to call a witness in its case in chief who is not disclosed in the Joint Pretrial Statement and Order without leave of the Court for good cause shown.

2.   **Exhibits.**

   a.   Appendix. *The following information shall be provided as an appendix to the Joint Pretrial Statement and Order.* A joint exhibit list in tabular form, with (a) a column identifying the exhibit number consistent with the pre-marking requirement of paragraph C.2.b., below; (b) a column briefly describing the exhibit; (c) a column describing the purpose for which the exhibit is offered

3

and identifying its sponsoring witness; (d) a column stating any objections to the exhibit; (e) a column responding to the objections; and (f) a blank column for the Court's use. Before this list is filed with the Court, counsel shall meet and confer, in person, to consider exhibit numbers, eliminate duplicate exhibits and confusion over exhibits, and make a good faith effort to stipulate to admissibility. If stipulation is not possible, the parties shall make every effort to stipulate to authenticity and foundation absent a legitimate (not tactical) objection.

b.   Pre-Marked. The parties shall submit 1 original set of exhibits, pre-marked for identification with numbers (not letters) by means of exhibit tags affixed to the *back* of the last page of each exhibit. Sample tags are attached as Exhibit A hereto. Plaintiff's exhibit tags shall be yellow, and Defendant's exhibit tags shall be green. In addition, the parties shall submit 2 complete copies of the original set of exhibits for use by the Judge and chambers staff. The 2 copy sets of exhibits need not be tagged, but the exhibits contained therein must be labeled clearly. All 3 sets of exhibits – the original and both copies – shall be in three-ring binders with the exhibits separated by tabs denoting the exhibit numbers.

c.   Delivery to Court. Unless otherwise ordered, on the Thursday prior to commencement of trial, the parties shall deliver the 3 sets of exhibits to Tiffany Salinas-Harwell, Courtroom Deputy to Judge Freeman.

d.   Consequence of Nondisclosure. No party shall be permitted to offer any exhibit at trial that is not disclosed in the Joint Pretrial Statement and Order without leave of the Court for good cause shown, unless it is offered solely for impeachment or rebuttal.

3.   **Discovery Responses.**

a.   Appendix. *The following information shall be provided as an appendix to the Joint Pretrial Statement and Order.* Excerpts of interrogatory responses,

4

responses to requests for admission, and deposition testimony (with specific line references identified) that each party intends to present at trial.

    b.    <u>Objections</u>. If there are objections to the use of written responses, the parties should include a joint memorandum that states the objecting party's objection and the opposing party's response. If there is an objection to the general subject matter of a deponent's testimony, the objection should be made through a motion *in limine*. If specific objections were made during the deposition that are still in need of a Court ruling, the parties should include a joint memorandum that identifies the deposition testimony at issue and that briefly states the objecting party's objection (including any counter-designation) and the opposing party's response (including any counter-designation). The Court expects the parties to meet and confer in good faith in an attempt to resolve specific objections regarding deposition testimony before any memoranda regarding objections are filed.

    4.    <u>Motions *in Limine*</u>. Unless otherwise ordered, the parties shall file and serve any motions *in limine* at least 14 days before the final Pretrial Conference, and any opposition thereto at least 7 days before the final Pretrial Conference. Reply briefs are not permitted. Unless otherwise ordered by the Court, motions in limine will be deemed submitted without oral argument. Each motion shall be presented in a separate document and shall be numbered as, for example, "Plaintiff's Motion *in Limine* No. 1 to Exclude. . . ." Usually 5 or fewer motions per side are sufficient (without prejudice to raising matters as the trial progresses). Briefing on each motion shall not exceed 5 pages per side.

    5.    <u>Jury Materials</u>. At least 7 days prior to the final Pretrial Conference, the parties shall file and serve the following materials. All jury materials must be submitted in hard copy and in word processing format via e-mail to BLFpo@cand.uscourts.gov.

    a.    <u>Preliminary Statement to the Jury</u>. A simplified statement of the case to be read to the jury during *voir dire* and as part of the proposed jury instructions.

United States District Court
For the Northern District of California

Unless the case is extremely complex, this statement should not exceed one paragraph.

    b.    *Voir Dire* Questions. The Court will conduct the initial *voir dire*. Counsel may submit for the Court's consideration an *agreed upon* set of *voir dire* questions to be posed by the Court. Any *voir dire* questions on which counsel cannot agree may be submitted separately. Counsel will be allowed a brief (15 minutes) follow-up *voir dire* after the Court's questioning. Counsel shall inform the Court if they wish to use a jury questionnaire and, if so, shall submit a proposed questionnaire for the Court's review.

    c.    Jury Instructions.

        i.    The parties shall submit a complete *joint* set of proposed jury instructions, arranged in a logical sequence, which incorporates the *Model Jury Instructions of the Ninth Circuit* to the extent feasible and appropriate.

        ii.    If an instruction is undisputed, it shall be identified as "Stipulated Instruction No. ____ re _____," with the blanks filled in as appropriate. Even if stipulated, the instruction shall be supported by citation to the *Model Jury Instructions of the Ninth Circuit* or other authority.

        iii.    If an instruction is disputed, all versions of the instruction shall be inserted together in the logical place for the instruction in the overall sequence. A disputed instruction shall be identified as "Disputed Instruction No. ____ re _____ offered by _____," with the blanks filled in as appropriate. All disputed versions of the same instruction shall bear the same number. If a party does not have an alternate version but contends that no such instruction should be given, that party should so state on a separate page inserted in lieu of an alternate version. Each party should support its position regarding

6

a disputed instruction with a brief argument and citation to relevant authority, set forth immediately following the disputed instruction. The parties are encouraged to keep disputed instructions to a minimum.

    d.    <u>Verdict Form</u>. The parties shall submit a *joint* proposed verdict form. If the parties are unable to stipulate to a verdict form, each party shall submit a proposed verdict form.

**6.**    **Trial Briefs.** Each party shall submit a trial brief, not to exceed 15 pages, at least 7 days prior to the commencement of trial. A trial brief is most helpful to the Court when it summarizes the party's theory of the case, identifies key evidence, and provides summary briefing on any controlling issues of law.

**7.**    **Stipulations.** A statement of proposed stipulations that will expedite the presentation of evidence. Any stipulations submitted before or during trial shall be in writing and signed by all parties.

**8.**    **Time Limits.** Ordinarily, the Court will set fixed trial time limits at the final Pretrial Conference. Each party may allocate its time as it wishes, but *all* of a party's examination time (whether direct, cross, re-direct, or re-cross) for all witnesses must fit within its time limit. Opening and closing time limits are in addition to examination time.

**D.**    **SCHEDULING**

Trials are scheduled to commence Monday mornings at 9:00 a.m. Trial will proceed each day except Thursday.

Final Pretrial Conferences will be scheduled approximately 2 weeks before trial.

IT IS SO ORDERED.

Dated: April 10, 2014

                                    BETH LABSON FREEMAN
                                    UNITED STATES DISTRICT JUDGE

7

*United States District Court*
For the Northern District of California

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit A

8

Standing Order Re Final Pretrial Conference - Jury Trial
Rev. April 10, 2014

| **Plaintiff's Exhibit Markers** | **Defendant's Exhibit Markers** |
|---|---|

**π PLAINTIFF π**

United States District Court
Northern District of California

Case No. _____

Case Title _____

Exhibit No. _____

Date Entered _____

Richard W. Wieking, Clerk
By: _____, Deputy Clerk

**Δ DEFENDANT Δ**

United States District Court
Northern District of California

Case No. _____

Case Title _____

Exhibit No. _____

Date Entered _____

Richard W. Wieking, Clerk
By: _____, Deputy Clerk

---

**π PLAINTIFF π**

United States District Court
Northern District of California

Case No. _____

Case Title _____

Exhibit No. _____

Date Entered _____

Richard W. Wieking, Clerk
By: _____, Deputy Clerk

**Δ DEFENDANT Δ**

United States District Court
Northern District of California

Case No. _____

Case Title _____

Exhibit No. _____

Date Entered _____

Richard W. Wieking, Clerk
By: _____, Deputy Clerk

---

**π PLAINTIFF π**

United States District Court
Northern District of California

Case No. _____

Case Title _____

Exhibit No. _____

Date Entered _____

Richard W. Wieking, Clerk
By: _____, Deputy Clerk

**Δ DEFENDANT Δ**

United States District Court
Northern District of California

Case No. _____

Case Title _____

Exhibit No. _____

Date Entered _____

Richard W. Wieking, Clerk
By: _____, Deputy Clerk

---

**π PLAINTIFF π**

United States District Court
Northern District of California

Case No. _____

Case Title _____

Exhibit No. _____

Date Entered _____

Richard W. Wieking, Clerk
By: _____, Deputy Clerk

**Δ DEFENDANT Δ**

United States District Court
Northern District of California

Case No. _____

Case Title _____

Exhibit No. _____

Date Entered _____

Richard W. Wieking, Clerk
By: _____, Deputy Clerk

---

Exhibit markers should be placed on the back of the last page of each exhibit.  Exhibits should be in binders, separated by tabs denoting the exhibit numbers.

# STANDING ORDER FOR ALL JUDGES
## OF THE NORTHERN DISTRICT OF CALIFORNIA

### CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

Commencing July 1, 2011, all judges of the Northern District of California will require identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1.  Jurisdiction and Service: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2.  Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3.  Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4.  Motions: All prior and pending motions, their current status, and any anticipated motions.

5.  Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6.  Evidence Preservation: A brief report certifying that the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirming that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. See ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.

7.  Disclosures: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26, and a description of the disclosures made.

8.  Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, a brief report on whether the parties have considered entering into a stipulated e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and any identified discovery disputes.

9.  Class Actions: If a class action, a proposal for how and when the class will be certified.

10. Related Cases: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

*Effective date: July 1, 2011* (Last Revised November 27, 2012)

11. <u>Relief</u>: All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12. <u>Settlement and ADR</u>: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13. <u>Consent to Magistrate Judge For All Purposes</u>: Whether **all** parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment. ____ Yes    ____ No

14. <u>Other References</u>: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. <u>Narrowing of Issues</u>: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16. <u>Expedited Trial Procedure</u>: Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A. If all parties agree, they shall instead of this Statement, file an executed Agreement for Expedited Trial and a Joint Expedited Case Management Statement, in accordance with General Order No. 64 Attachments B and D.

17. <u>Scheduling</u>: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18. <u>Trial</u>: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19. <u>Disclosure of Non-party Interested Entities or Persons</u>: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20. Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

*Effective date: July 1, 2011 (Last Revised November 27, 2012)*