1

2    AARON J. GREENSPAN
     THINK COMPUTER FOUNDATION
3    1132 Boranda Avenue
     Mountain View, CA  94040-3145
4    Telephone: (415) 670-9350
     Fax: (415) 373-3959
5    E-Mail: legal@thinkcomputer.org

     *PRO SE*
6

                    **FILED** B|C

                    JUN 1 0 2014

                    RICHARD W. WIEKING
                    CLERK, U.S. DISTRICT COURT
                    NORTHERN DISTRICT OF CALIFORNIA

6

7                   UNITED STATES DISTRICT COURT

8                   NORTHERN DISTRICT OF CALIFORNIA

                         SAN JOSE DIVISION

9

10

11   THINK COMPUTER FOUNDATION, an          Case No. 5:14-cv-02396-BLF
     Ohio 501(c)(3) non-profit corporation;
12   THINK COMPUTER CORPORATION, a           **MOTION TO STRIKE DEFENDANT
     Delaware corporation,                   AMERICAN BAR ASSOCIATION'S
                                             UNOPPOSED MOTION FOR
13                      Plaintiffs,           ADMINISTRATIVE RELIEF TO EXTEND
                                             THE TIME BY WHICH THE AMERICAN
14                 v.                         BAR ASSOCIATION MUST RESPOND TO
                                             THE COMPLAINT; AND MOTION FOR
15   ADMINISTRATIVE OFFICE OF THE            ORDER TO SHOW CAUSE AS TO WHY
     UNITED STATES COURTS; UNITED            THE COMPLAINT SHOULD NOT BE
16   STATES DISTRICT COURT FOR THE           DISMISSED AND ASSOCIATED
     NORTHERN DISTRICT OF CALIFORNIA;        DOCUMENTS**
17   and AMERICAN BAR ASSOCIATION,

18                      Defendants.          Judge Beth Labson Freeman

19

20

21

22

23

24

25

MOTION TO STRIKE                                    5:14-cv-02396-BLF

1    Plaintiffs Think Computer Corporation and Think Computer Foundation

2    (collectively, "Plaintiffs") hereby respectfully move to strike the June 9, 2014 motions and

3    attachments thereto (Docket Nos. 11 and 13) filed by Defendant American Bar Association

4    ("ABA") for failure to comply with Civil Local Rules 5-1(c)(2)(A) and 7-2(b).  For reasons

5    not entirely clear, purported counsel for Defendant ABA chose not to file a Notice of

6    Appearance, and then to spontaneously file two completely separate and independent

7    motions, only one of which is unopposed, in one awkwardly combined document.

8        Civil Local Rule 5-1(c)(2)(A) requires that "A Notice of Appearance must be e-filed

9    whenever counsel joins a case."  No Notice of Appearance was included in the papers hand-

10   delivered to Plaintiffs on June 9, 2014, and no Notice of Appearance is listed in the PACER

11   case docket thus far.  *See* Docket.

12       Civil Local Rule 7-2(b) states, "In *one* filed document not exceeding 25 pages in

13   length, *a motion* must contain…" (emphasis added).  The intent of the rule is clearly to

14   establish a one-to-one ratio between motions and their encapsulating documents for the sake

15   of simplicity and clarity.

16       Unlike the specific Restrictive Local Rules referenced in the Complaint in this case,

17   Civil Local Rules 5-1(c)(2)(A) and 7-2(b) do not on their face prejudice anyone, and there is

18   no good reason why they should not be followed—especially by a newly-admitted but

19   otherwise experienced attorney who only four days ago, on June 6, 2014, supposedly agreed

20   to Civil Local Rule 11-4(a)(2), to "[c]omply with the Local Rules of this Court," which has

21   also been violated.

22       On the contrary, Defendant ABA's attempt to compress more than one unrelated

23   motion into one improper document, such that it might accomplish more than one of its

24   objectives with one correspondingly improper Proposed Order, is possibly designed to

25

MOTION TO STRIKE                              1                          5:14-cv-02396-BLF

1   prejudice Plaintiffs, who through their initial pleadings have already made abundantly clear

2   how prejudiced—whether intentionally or not—the justice system already is against *pro se*

3   litigants and small businesses.

4           Civil Local Rule 7-2(b) has been taken quite seriously by several judges in this Court

5   in the recent and distant past.

6           "Under Civ LR 7-2(b), motions are to consist of 'one filed document not to
    exceed 25 pages in length.' Counterdefendants filed three separate 'motions'
7   within one day of each other instead of 'one filed document' as required by
    the Civil Local Rules. Although none of the documents exceeds twenty-five
8   pages individually, counterdefendants' three motions added together total
    fifty-eight pages, a sum more than double the allowed page limit. Indeed,
9   counterdefendants grouped their arguments against the first through third and
    fifth claims in one motion and their arguments against the fourth and sixth
10  through twelfth claims in another motion. This odd grouping suggests the
    intent to evade the Civil Local Rules.

11

    This type of rule-bending motion practice is unacceptable. The court
12  regularly grants parties' requests to file an over-sized memorandum under Civ
    LR 7-4 and 7-10. But parties are not permitted unilaterally to impose on the
13  nonmoving parties and the court the burden of sifting through excessively
    long moving papers."

14
    *Burger v. Kuimelis*, 325 F. Supp. 2d 1026, 1030 (N.D. Cal. 2004). Although the present
15
    attempt at "odd grouping" does not appear to be intended to evade page limitations, it is
16
    nonetheless extremely confusing, and perhaps deliberately so. The document's caption
17
    alone, requiring a semicolon, is barely intelligible and hardly clear, especially as to the fact
18
    that one motion is unopposed, while the other is not.
19
            In another example, Judge Koh of this District herself emphasized that each motion
20
    "should be '[i]n *one* filed document not exceeding 25 pages in length.'" *Errico v. Pacific*
21
    *Capital Bank, NA*, 753 F. Supp. 2d 1034, footnote 1 (N.D. Cal. 2010). In *Errico*, Judge Koh
22
    did not strike the documents because "[t]hough Defendants did not comply with the Civil
23
    Local Rules, Plaintiffs have opposed both motions and have not alleged any prejudice." *Id.*
24
    Here, Plaintiffs have not yet filed any responsive pleadings, and do allege prejudice.
25

---

MOTION TO STRIKE                2                5:14-cv-02396-BLF

1    Regardless of counsel's intent, the irony given the particular context of Plaintiffs'

2   Complaint is almost palpable: Defendant ABA, which exerts enormous influence over the

3   rule-making bodies of numerous courts, including this one, wishes for others to obey its

4   frequently protectionist and lopsided Rules, but on the day when it finally comes time for the

5   ABA to actually participate in the judicial process itself, those Rules are apparently too

6   insignificant to be adhered to by its own ethically-bound, professionally-trained corporate

7   counsel. Unlike Plaintiffs, Defendant ABA has made no specific protest that it is harmed by

8   any particular Civil Local Rule. The Court should therefore strike Defendant ABA's filings

9   if for no other reason than to emphasize that the Local Rules apply to all parties before the

10  Court.

11         WHEREFORE, Plaintiffs respectfully request that the Court strike Docket Nos. 11

12  and 13.

13

14                                          Respectfully submitted,

15

16  Dated: June 10, 2014               By: _____
                                           Aaron Greenspan
17                                         President
                                           THINK COMPUTER FOUNDATION
18

19                                     By: _____
                                           Aaron Greenspan
20                                         President & CEO
                                           THINK COMPUTER CORPORATION
21

22

23

24

25

MOTION TO STRIKE                          3                      5:14-cv-02396-BLF

## CERTIFICATE OF SERVICE

The undersigned certifies that, on June 10, 2014, a true copy of the foregoing **MOTION TO STRIKE DEFENDANT AMERICAN BAR ASSOCIATION'S UNOPPOSED MOTION FOR ADMINISTRATIVE RELIEF TO EXTEND THE TIME BY WHICH THE AMERICAN BAR ASSOCIATION MUST RESPOND TO THE COMPLAINT; AND OPPOSITION TO MOTION FOR ORDER TO SHOW CAUSE AS TO WHY THE COMPLAINT SHOULD NOT BE DISMISSED AND ASSOCIATED DOCUMENTS** is being served via electronic mail, pursuant to written agreements between the parties, at the following e-mail addresses:

**Administrative Office of the United States Courts**
**United States District Court for the Northern District of California**
James A. Scharf
Assistant United States Attorney
james.scharf@usdoj.gov

**American Bar Association**
Bety Javidzad
Venable, LLP
bjavidzad@venable.com

Dated: June 10, 2014          By: _____
                                   Aaron Greenspan
                                   President
                                   THINK COMPUTER FOUNDATION

                              By: _____
                                   Aaron Greenspan
                                   President & CEO
                                   THINK COMPUTER CORPORATION