UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THINK COMPUTER FOUNDATION, et al.,<br><br>    Plaintiffs,<br><br>        v.<br><br>ADMINISTRATIVE OFFICE OF THE UNITED STATES COURTS, et al.,<br><br>    Defendants. | Case No. 14-cv-02396-BLF<br><br>**ORDER TO SHOW CAUSE AS TO WHY THE COMPLAINT SHOULD NOT BE DISMISSED**<br><br>[Re: ECF No. 11] |

TO PLAINTIFFS THINK COMPUTER FOUNDATION AND THINK COMPUTER CORPORATION:

YOU ARE HEREBY ORDERED TO SHOW CAUSE WHY PLAINTIFFS' CLAIMS SHOULD NOT BE DISMISSED PURSUANT TO LOCAL RULE 3-9(B) AND FEDERAL COURT PRECEDENT FOR FAILURE TO BE REPRESENTED BY LICENSED COUNSEL ON THE GROUNDS SET FORTH BELOW.

On May 23, 2014, Plaintiffs filed a Complaint in the above-captioned action. (ECF 1) On that same date, Plaintiffs filed a Motion with the Court seeking permission for electronic case filing. (ECF 3) Both documents list "Aaron Greenspan" as appearing pro se *on behalf of* Think Computer Corporation and Think Computer Foundation.

The rules of this Court make clear that a corporation or other entity may appear in Court *only* through an attorney licensed to practice law before the Court. Civil L-R 3-9(b) ("A corporation, unincorporated association, partnership, or other such entity may appear only through a member of the bar of this Court."). The United States Supreme Court has held that such rules are constitutional, *see Rowland v. Calif. Men's Colony*, 506 U.S. 194 (1993), and the Ninth Circuit has upheld district court orders entering default judgment against a Plaintiff entity that refused to

1 retain counsel for the duration of litigation. *United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (1993).

It has been brought to the Court's attention that Mr. Greenspan is not an attorney licensed to practice law in the state of California, (ECF 11) and as such, under the prevailing law and rules of this Court, cannot represent an entity in action before this Court.

THE COURT hereby issues an ORDER TO SHOW CAUSE why Plaintiffs' claims should not be dismissed for failure to be represented by counsel, pursuant to Civil Local Rule 3-9(b) and prevailing case law.

The deadline for responding to the Order to Show Cause will be July 9, 2014, thirty (30) days from the issuance of this Order. If Plaintiff fails to file a response, the case shall be dismissed. The Court shall not hold a hearing on this Order unless otherwise stated.

**IT IS SO ORDERED.**

Dated: June 11, 2014

_____
HON. BETH LABSON FREEMAN
United States District Judge