| | |
|---|---|
| **UNITED STATES DISTRICT COURT** | |
| **NORTHERN DISTRICT OF CALIFORNIA** | |
| AARON GREENSPAN; THINK COMPUTER FOUNDATION; THINK COMPUTER CORPORATION,<br><br>Plaintiffs,<br><br>vs.<br><br>ADMINISTRATIVE OFFICE OF THE UNITED STATES COURTS; MICHEL ISHAKIAN, in her official capacity on behalf of the Administrative Office of the United States Courts; WENDELL SKIDGEL, in his official capacity on behalf of the Administrative Office of the United States; UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA; RICHARD WIEKING, in his official capacity on behalf of the United States District Court for the Northern District of California, CLAUDIA WILKEN, in her official capacity on behalf of the Untied States District Court for the Northern District of California; and AMERICAN BAR ASSOCIATION,<br><br>Defendants. | CASE NO. 14cv2396 JTM<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR PERMISSION FOR ELECTRONIC CASE FILING |

On May 23, 2014, Plaintiffs Think Computer Foundation and Think Computer Corporation filed a Motion for Permission for Electronic Case Filing ("Motion"). (Ct. Dkt 3). With respect to Plaintiff Aaron Greenspan (first identified in the First

Amended Complaint), pursuant to Northern District Civil L.R. 5.1, the E-filing Registration Instructions for Pro Se Litigants, and for good cause shown, the court grants Plaintiff Aaron Greenspan's motion for leave for electronic case filing.[1]

With respect to Plaintiffs Think Computer Foundation and Think Computer Corporation the motion is denied because they do not have legal representation. As noted in Rowlan v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201-02 (1993), "[i]t has been the law for the better part of two centuries, for example, that a corporation may appear in the federal courts only through licensed counsel. Osborn v. President of Bank of United States, 9 Wheat. 738, 829, 6 L.Ed. 204 (1824)." This well-established rule applies equally to corporations or to associations. See In re Highley, 459 F.2d 554, 555 (9th Cir. 1972) (corporations); McShane v. United States, 366 F.2d 286, 288 (9th Cir. 1996) (a non-attorney pro se plaintiff may not represent any other party). Until Plaintiffs Think Computer and Think Computer Corporation obtain legal representation (or show cause why legal representation is not required), they cannot appear in propria persona.

In sum, the court grants the Motion with respect to Plaintiff Aaron Greenspan but denies the Motion with respect to Plaintiffs Think Computer Foundation and Think Computer Corporation.[2]

**IT IS SO ORDERED.**

DATED: August 21, 2014

_____
Hon. Jeffrey T. Miller
United States District Judge

cc: All parties

---

[1] The court construes the Motion as also being brought on behalf of Plaintiff Greenspan, the signer of the Motion in a purported representative capacity, even though he was not named as a party to this action until the filing of the First Amended Complaint on June 16, 2014.

[2] By separate order entered concurrently with this order, the court issued an OSC to Plaintiffs Think Computer Foundation and Think Computer Corporation to show cause why they should not be dismissed as parties to this action for failure to obtain legal representation.