JOYCE R. BRANDA
Acting Assistant Attorney General
MELINDA L. HAAG
United States Attorney
ARTHUR R. GOLDBERG
Assistant Branch Director
JUSTIN M. SANDBERG, IL. BAR NO. 6278377
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Mass. Ave. NW, Rm. 7302
Washington, D.C.  20001
Telephone:  (202) 514-5838
Facsimile:  (202) 616-8202
Email: Justin.Sandberg@usdoj.gov

*Counsel for Defendants*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| AARON GREENSPAN, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ADMINISTRATIVE OFFICE OF THE UNITED STATES COURTS, *et al.*, <br><br> Defendants. | Case No.: 5:14-cv-2396 (JTM) <br><br> Hearing Date:  October 6, 2014 (on Motions to Dismiss) <br><br> **RESPONSE TO PLAINTIFFS' REQUESTS FOR JUDICIAL NOTICE** |

Plaintiffs have asked the Court to take judicial notice of six documents that concern the availability, on the PACER system, of records from certain closed cases: (1) an Announcement by the Administrative Office of the U.S. Courts ("AOUSC"), Plaintiffs' [Second] Request for Judicial Notice ("Second Request"), Sept. 12, 2014, Dckt. No. 49, at 2,[1] (2) a blog post from a website operated by the library of the University of North Carolina Law School, *id.*, (3) a letter from Senator Patrick Leahy to Judge John D. Bates, the Director of the Administrative Office of the United States Courts, *id.*, (4) a letter from six Members of the House of Representatives to Judge Bates, Plaintiffs' [Third] Request for Judicial Notice ("Third Request"), Sept. 19, 2014, Dckt. No. 51, at 2, (5) a letter from four Senators to Judge Bates, *id.*, and (6) a newspaper blog post, *id.* Plaintiffs contend that these documents are relevant to their "assertions that Government Defendants are charging fees for access to PACER documents far in excess of the extent necessary, *e.g.*[,] the actual cost to store and transmit information." Second Request at 2; Third Request at 1-2.

Plaintiffs also ask the Court to take judicial notice of filings from a Western District of Kentucky bankruptcy case. Third Request at 2-3. Plaintiffs insist that these documents are central to their assertions that "partnerships and similar organizations have been and are permitted to represent themselves in certain circumstances in federal courts." *Id.* at 3. As plaintiffs Think Computer Corporation and Think Computer Foundation are not represented by counsel, in violation of Local Rule 3-9(b), federal defendants will treat both the second and third requests for judicial notice as motions by Mr. Greenspan alone.

It is not clear whether plaintiff wants the Court to take notice only of the existence of the documents, or whether he wants the Court to take notice of alleged facts within these documents.

---

[1] Federal defendants addressed Plaintiffs' [First] Request for Judicial Notice, Aug. 20, 2014, ECF Dckt. No. 42, in their reply brief in support of the motion to dismiss. Reply Brief in Support of Motion to Dismiss Amended Complaint, Aug. 27, 2014, ECF Dckt. No. 46, at 2 n.2.

To the extent plaintiff seeks only the former, federal defendants have no objection (though the existence of the documents is not relevant to the pending claims or the motion to dismiss).

But if plaintiff wants the Court to take notice of the content of these documents, then federal defendants object, except with regard to the notice issued by the AOUSC. Federal Rule of Civil Procedure 201 permits a court to "judicially notice a fact that is not subject to reasonable dispute" if it is "generally known within the trial court's territorial jurisdiction" or if it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1), (b)(2). The blog posts, letters, and court filings however, include more than just statements of purported fact: They include statements of opinion and legal conclusions. *E.g.*, Ex. E to Second Request (blog post) at 2 ("It is our hope that the Administrative Office of the U.S. Courts will work to resolve these problems and promote a robust and accountable judiciary by providing access to these important court records."); Ex. J to Third Request (court filings) at 38 (entering order in favor of partnership represented by non-lawyer). Neither an opinion – nor a legal conclusion – is an appropriate subject of judicial notice. *See, e.g.*, Fed. R. Evid. 201(b) (permitting judicial notice of "fact[s]"); 21B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 5104 (2d. ed. 2013) ("Facts Judicially Noticeable; Indisputability") (noting that opinions are not generally an appropriate subject of judicial notice); *Klausner v. Lucas Film Entertainment Co., Ltd.*, 2010 WL 1038228, *2 (N.D. Cal. March 19, 2010) ("The Court will not take judicial notice of a legal conclusion.").

Moreover, plaintiff cannot establish the "high degree of indisputability [that] is the essential prerequisite" to judicial notice because he cannot satisfy either subsection (b)(1) or (b)(2) of Rule 201.[2] Fed. R. Evid. 201, Advisory Committee Notes. The subjects about which plaintiff seeks

---

[2] This argument does not apply to the court filings because they do not contain any facts that plaintiff wants the Court to notice; they are presented solely because they allegedly support a legal

judicial notice do not have a geographical connection to this Court – no change in the availability of this Court's electronic records was announced, Ex. D to Second Request, at 1 – so there is no reason to think that the purported facts in these documents are "generally known within the trial court's territorial jurisdiction." Fed. R. Evid. 201(b)(1).  Nor is a blog post or letter a "source[ ] whose accuracy cannot reasonably be questioned."   Fed. R. Evid. 201(b)(2); *see, e.g., Silver v. Executive Car Leasing Long-Term Disability Plan*, 466 F.3d 727, 732 n.2 (9th Cir. 2006) (declining to take judicial notice of exhibits that "included more than 250 pages of medical materials from sources as diverse as Yahoo!Health and the website for the Japanese Circulation Society," "agree[ing] that these items were not sufficiently reliable to be judicially noticeable"); *Ramirez v. Medtronic Inc.*,  961 F. Supp. 2d 977, 984 (D. Ariz. 2013) (declining to take judicial notice of the content of letters from four Senators).

      The Court should also decline to take judicial notice of the contents of first six documents because they are not relevant to any of plaintiff's claims.  *Banks v. Clark County, Nev.*, 461 Fed. App'x. 585, 587 (9th Cir. 2011) (refusing to take judicial notice of irrelevant facts); 21B Wright & Miller, § 5104 ("The writers agree that Rule 201 does not authorize courts to judicially notice irrelevant facts. . . [and] the few federal cases considering the issue have insisted that noticed facts be relevant.").  Plaintiff argues that contents of these documents are relevant to his claims that the AOUSC charges more for access to electronic documents on the PACER system than is necessary.  Second Request at 2; Third Request at 1-2.  These documents do not relate to that allegation, however.  If anything, they relate to the cost of documents not currently available on PACER.[3]  *See*

---

conclusion endorsed by plaintiff (*i.e.*, that artificial entities may be represented in federal court by a non-lawyer).  Third Request at 3.

[3] The newspaper blog post mentions in passing that some "public domain advocates" have "criticized" the fees for accessing documents on the PACER system.  Third Request at 13.  But the

Ex. E to Second Request (blog post) at 1 (discussing the purported costs of accessing documents that are no longer electronically available).  But the cost for accessing documents unavailable on PACER is not a subject of this suit.  First Amended Complaint, June 16, 2014, ECF Dckt. No. 23, ¶¶ 27-39, 141 (complaining about the cost of accessing documents on PACER).  Therefore, the contents of these documents are irrelevant to the pending suit.  But even if the cost of accessing records outside of the PACER system had been at issue in this litigation, it would now be moot: The AOUSC has announced that it will restore access to these records on PACER.  *See* Letter from Judge Bates to Senator Leahy, Sept. 19, 2014 (attached as Ex. 1 to this brief).

Finally, the proposition for which plaintiff cites the Kentucky bankruptcy court filings – *i.e.*, that a non-lawyer can represent an artificial entity – has been rejected by the Ninth Circuit.  Third Request at 3.  The Kentucky documents demonstrate that a bankruptcy court entered relief in favor of a partnership represented by a non-lawyer.  Ex. J to Third Request (court filings) at 38.  But in none of these filings does the bankruptcy court address the propriety of a non-lawyer representing a partnership.  *Id.* at 18-38.  And in any case, the Ninth Circuit has explicitly rejected the proposition that non-lawyers can represent artificial entities, including partnerships.[4]  *E.g.*, *In re America West Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994) ("Corporations and other unincorporated associations must appear in court through an attorney[,]" and "to the extent that [*United States v. Reeves*, 431 F.2d 1187, 1188 (9th Cir. 1970),] stood for the proposition that non-attorney members of a partnership could appear on behalf of the partnership, the Supreme Court in

---

fact that some people have criticized these fees does not assist the Court in dealing with plaintiff's complaints.

[4] Neither plaintiff Think Computer Corporation nor plaintiff Think Computer Foundation is a partnership.  First Amended Complaint for Declaratory and Injunctive Relief, June 16, 2014, ECF Dckt. No. 23, ¶¶ 18-19.

[*Rowland v. California Men's Colony*, 506 U.S. 194, 201-03 (1993),] has overruled that holding.").

Dated: September 26, 2014                     Respectfully submitted,

JOYCE R. BRANDA
Acting Assistant Attorney General

MELINDA L. HAAG
United States Attorney

ARTHUR R. GOLDBERG
Assistant Director, Federal Programs Branch

  */s/ Justin M. Sandberg*
JUSTIN  M.  SANDBERG,  IL  Bar  No. 6278377
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Mass. Ave. NW, Rm. 7302
Washington, D.C. 20001
Telephone:    (202) 514-5838
Facsimile:      (202) 616-8202
Justin.Sandberg@usdoj.gov
*Counsel for Federal Defendants*

# **CERTIFICATE OF SERVICE**

I hereby certify that on September 26, 2014 a copy of the attached was placed in a mailroom at the Department of Justice for service by first-class mail on the following non-CM/ECF participants at the listed address:

    Think Computer Foundation
    Think Computer Corporation
    1132 Boranda Avenue
    Mountain View, CA 94040-3145.

I further certify that on September 26, 2014 the attached was filed using CM/ECF and therefore electronic service is expected to be made on the following:

    Aaron Greenspan
    1132 Boranda Avenue
    Mountain View, CA 94040-3145

    Bety Javidzad
    Venable LLP 2049 Century Park East
    Suite 2100
    Los Angeles, CA 90067.

I certify under penalty of perjury that the forgoing is true and correct.


Dated:  September 26, 2014                      */s/ Justin M. Sandberg*
                                                     JUSTIN M. SANDBERG
                                                     Trial Attorney
                                                     U.S. Department of Justice
                                                     Civil Division, Federal Programs Branch