AARON J. GREENSPAN
THINK COMPUTER FOUNDATION
1132 Boranda Avenue
Mountain View, CA 94040-3145
Telephone: (415) 670-9350
Fax: (415) 373-3959
E-Mail: legal@thinkcomputer.org

*PRO SE*

FILED
DEC - 7 2015
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| AARON GREENSPAN; THINK COMPUTER FOUNDATION, an Ohio 501(c)(3) non-profit corporation; and THINK COMPUTER CORPORATION, a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>ADMINISTRATIVE OFFICE OF THE UNITED STATES COURTS; MICHEL ISHAKIAN, in her official capacity on behalf of the Administrative Office of the United States Courts; WENDELL SKIDGEL, in his official capacity on behalf of the Administrative Office of the United States Courts; UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA; RICHARD WIEKING, in his official capacity on behalf of the United States District Court for the Northern District of California; CLAUDIA WILKEN in her official capacity on behalf of the United States District Court for the Northern District of California; and AMERICAN BAR ASSOCIATION,<br><br>Defendants. | Case No. 5:14-cv-02396-JTM<br><br>**MEMORANDUM IN SUPPORT OF MOTION FOR RELIEF FROM A JUDGMENT OR ORDER PURSUANT TO RULE 60(b)(1) OR IN THE ALTERNATIVE 60(b)(6)**<br><br>Judge Jeffrey T. Miller |

## ARGUMENT

### I. The December 4, 2014 Order and Judgment Should Be Amended, Modified and/or Vacated Due to the United States Supreme Court's Ruling in *Citizens United*

The Court made an error when it ignored *Citizens United v. Federal Election Com'n*, 130 S. Ct. 876 (2010) in favor of earlier rulings from the Supreme Court and state courts, namely, *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993) and a variety of Ninth Circuit cases from the 1990s. Those cases no longer apply, as the landmark *Citizens United* ruling in 2010 overruled a slew of precedent, vastly changing the way that corporations are able to express themselves, as discussed in Docket No. 48, Corporate Plaintiffs' Response to Second Order to Show Cause. This Court wrote in its December 4, 2014 decision (Docket No. 55) that, "Absent contrary legal authority, this court is not free to disregard established precedent." Yet *Citizens United* is established precedent, it clearly runs contrary to the other cited legal authorities, and the Court disregarded it, which it is not free to do.

In its decision, the Court erroneously rejected Plaintiffs' reasoning with regard to *Citizens United* on the basis of a single inconclusive Iowa state appellate court decision from 2010. Iowa's state courts cannot overrule the Supreme Court of the United States, nor does Iowa law apply or have any binding effect whatsoever in California. In turn, the Iowa case, *Timberline Builders, Inc. v. Donald D. Jayne Trust*, 786 N.W.2d 873 at *3 (Iowa 2010) cites an outdated Colorado appellate court case, *Woodford Mfg. Co. v. A.O.Q., Inc.*, 772 P.2 652, 6544 (Colo. App. 1988), cert. denied, 797 P.2 748 (Colo. 1990), which in turn cites a general sentiment—not even a statute, because there is no statute forbidding corporate self-representation.

The Court may have ample reason to dislike the notion that corporations should be able to represent themselves through their founders. The change would potentially harm the Bar, and it is difficult to find a judge who is not, or has not at some point been, a member of the Bar. Yet the Bar's economic interests are also not enough to overrule the legal precedent

established by the Supreme Court in *Citizens United*.

## II. The Court's Definition of "Access" Is Simply Wrong and Absurd

In its amended decision, the Court issued footnote 13 on page 16, which reads, "Pursuant to Federal Rule of Evidence 201 the court takes judicial notice that the Clerk's Office provides public access terminals which provide free access to PACER documents, although printing those documents cost $0.10 per page." In other words, the Court does not provide free access to Court documents. The ability to only temporarily view one document at a time on a small screen connected to a shared terminal, without the ability to in any way save or print that document for oneself free of charge, cannot be considered "access." If judicial clerks were forced to work with such prohibitive and restrictive "access" to legal data, the Courts would cease to function. Instead, judges themselves consider adequate "access" to be paid subscriptions (likely funded from the public's PACER fees) to services such as Westlaw and Lexis-Nexis, and this Court's decision even referenced at least one case that *requires* a Westlaw subscription to look up. The Court has effectively established a double standard that harms the entire American public. While Plaintiffs hardly expect the Court to pay for such subscriptions for all litigants, it is certainly reasonable to expect the Court *not* to impede the public's ability to access public domain materials.

## III. The Court Still Owes Plaintiff(s) a Final and Appealable Order

Plaintiffs attempted to appeal the Court's order, but the Ninth Circuit refused to entertain the appeal on the basis that a final and appealable order had never been entered. *See* Docket No. 58. Although the Court gave individual Plaintiff Aaron Greenspan 30 days from December 4 to amend, he chose not to, hoping that a final order would be forthcoming after those 30 days. It never was. Individual Plaintiff Aaron Greenspan therefore motions for the issuance of a final and appealable Order.

Respectfully submitted,

Dated: December 4, 2015

By: [signature]
Aaron Greenspan

President
THINK COMPUTER FOUNDATION

President & CEO
THINK COMPUTER CORPORATION

**CERTIFICATE OF SERVICE**

The undersigned certifies that, on December 4, 2015, a true copy of the foregoing **PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE** is being served via e-mail to all parties subject to a prior written agreement.

Dated: December 4, 2015

By: ______________________
Aaron Greenspan

President
THINK COMPUTER FOUNDATION

President & CEO
THINK COMPUTER CORPORATION