# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON GREENSPAN; THINK COMPUTER FOUNDATION; THINK COMPUTER CORPORATION,<br><br>                    Plaintiffs,<br><br>v.<br><br>ADMINISTRATIVE OFFICE OF THE UNITED STATES COURTS; MICHEL ISHAKIAN, in her official capacity on behalf of the Administrative Office of the United States Courts; WENDELL SKIDGEL, in his official capacity on behalf of the Administrative Office of the United States Courts; UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA; RICHARD WIEKING, in his official capacity on behalf of the United States District Court for the Northern District of California, CLAUDIA WILKEN, in her official capacity on behalf of the Untied States District Court for the Northern District of California; and AMERICAN BAR ASSOCIATION,<br><br>                    Defendants. | CASE NO. 14cv2396 JTM<br><br>ORDER DENYING MOTION FOR FED.R.CIV.P. 60(B) RELIEF |

Pursuant to Fed.R.Civ.P. 60(b)(1), Plaintiffs Aaron Greenspan, Think Computer Foundation, and Think Computer move for relief from this court's December 4, 2015 Amended Order Dismissing Corporate Plaintiffs for Failure to Obtain Legal

Representation; Granting all Motions to Dismiss; Denying Motion for Leave to File Second Amended Complaint, and Granting Leave to Amend ("Order").  The court denies the motion for reconsideration.[1]

Reconsideration is generally appropriate "if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. . . . There may also be other, highly unusual circumstances warranting reconsideration." School Dist. No. 1J, Multnomah County, Oregon v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993) (citations omitted).  Even if the Motion for Relief were timely, and not procedurally barred by its failure to comply with Civil L.R. 7, Plaintiffs would not prevail. The Motion for Relief fails to identify any newly discovered evidence, clear error, or intervening change in controlling law.  The Motion for Relief simply asserts the same arguments raised, addressed, and rejected in this court's Order.

In sum, the court denies the motion for Rule 60(b) relief.

**IT IS SO ORDERED.**

DATED:  December 8, 2015

_____
Hon. Jeffrey T. Miller
United States District Judge

cc:		All parties

---

[1] The court notes several defects with Plaintiffs' Motion for Relief.  First, the Motion is untimely under Fed.R.Civ.P. 60(c)(1), which requires all Rule 60(b)(1) motions to be brought within a reasonable time, but no more than one year after entry of the challenged order.  Plaintiffs waited one year to the day before bringing the present motion, and make no showing that they exercised reasonable diligence in bringing the present motion. See Meadows v. Dominican Republic, 817 F.2d 517, 520-21 (9th Cir. 1987). Second, Plaintiffs have failed to comply with Civil L.R. 7 and, in particular, L.R. 7-9, related to Motions for Reconsideration.  Third, for the reasons set forth in the Order, the corporate Plaintiffs may not appear in this action without legal representation.